UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CUSTOM PAK BROKERAGE, LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | Case No.  1:13-cv-05592 NLH-AMD |
| DANDREA PRODUCE, INC., ) | |
| RONALD P. DANDREA, individually, ) | |
| FRANK S. DANDREA, individually, and ) | |
| STEVEN P. DANDREA, indvidually, ) | |
| ) | |
| ) | |
| Defendants. | |

**BRIEF IN SUPPORT MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

STATEMENT OF FACTS ...................................................... 2

ARGUMENT .................................................................. 2

    I. FRCP 15 Allows This Honorable Court to Freely Give Leave To Amend Pleadings To Promote Justice .................................................................. 2

    II. Granting Plaintiff Leave To File Its First Amended Complaint Would Promote Justice .................................................................. 3

CONCLUSION ................................................................ 3

## TABLE OF AUTHORITIES

FRCP 15 ...................................................................... 2

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ................ 3

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)) ..................................... 3

Boerger v. Commerce Ins. Servs., 2005 U.S. Dist. LEXIS 30239, 6-7 (D.N.J. Nov. 28, 2005) .. 3

## STATEMENT OF FACTS

1. On September 19, 2013, the Plaintiff filed its Original Complaint against Dandrea Produce, Inc (the "Company"), Ronald P. Dandrea, individually ("R.Dandrea") , Frank S. Dandrea, individually ("F. Dandrea"), and Steven P. Dandrea, individually ("S. Dandrea") (collectively the ADefendants"). (D.E.#1)

2. J. Geragi is a former employee of Plaintiff and, on information and belief, is now employed at the Defendants' Company.

3. On January 9, 2014, Counsel for Defendants communicated Defendants' theory of the case with Plaintiff. Defendants believe Plaintiff's pricing as stated in the invoices attached to its complaint is inflated, that J. Geragi agreed to lower pricing with S. Dandrea, that the Company has paid Plaintiff in full at those lower prices, then alleged Plaintiff's claims are baseless.

4. Also on or about January 9, 2014, Counsel for Defendants served Counsel for Plaintiff with an affidavit J. Geragi signed and an affidavit S. Dandrea signed which purported to corroborate Defendants' theory of the case.

5. However, the Plaintiff's invoices are all based upon recorded statements from J. Geragi <u>before</u> he became a paid employee of the Defendants and changed his story.

6. J. Geragi may have breached his fiduciary duty to Plaintiff as Plaintiff's agent. Accordingly, J. Geragi may be personally liable for any and all of Plaintiff's damages incurred as a result of J. Geragi's conduct.

## ARGUMENT

I. <u>FRCP 15 Allows This Honorable Court to Freely Give Leave To Amend Pleadings To Promote Justice</u>

AFederal Rule of Civil Procedure 15 ("Rule 15") encourages and provides for a liberal

policy for amending pleadings. Under Rule 15(a), leave to amend pleadings >shall be freely given when justice so requires.' In Foman v. Davis, the Supreme court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

(quoting 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also* Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)) Boerger v. Commerce Ins. Servs., 2005 U.S. Dist. LEXIS 30239, 6-7 (D.N.J. Nov. 28, 2005).

    II.    Granting Plaintiff Leave To File Its Amended Complaint Would Promote Justice

Upon information and belief, J. Geragi may have breached his fiduciary duty of loyalty to Plaintiff and may be liable for all of Plaintiff's damages as alleged in Plaintiff's amended complaint. This Honorable Court should grant Plaintiff leave to file its amended complaint to allow it to fully investigate Defendants' allegations.

---

## CONCLUSION

For the foregoing reasons, Plaintiff requests the Court grant its motion to file an amended complaint adding an additional count against the Company and adding Jeffrey Geragi as a defendant in the form attached hereto as Exhibit A.

Dated: January 30, 2014				Respectfully submitted,

							CUSTOM PAK BROKERAGE, LLC.

							By: /s/ Thomas G. Aljian, Jr., Esq.
							      One of Its Attorneys


Thomas G. Aljian, Jr.
ALJIAN & MONTGOMERY
16 Maple Drive
Colts Neck, New Jersey 07722
Tel:	732/771-7764
Email: Taljian"icloud.com
*Counsel for the Plaintiff*


							By: /s/ Scott E. Hillison, Esq.
							      One of Its Attorneys

Michael J. Keaton, Esq.
Scott E. Hillison, Esq.
KEATON LAW FIRM, P.C.
707 Lake Cook Road, Suite 300
Deerfield, Illinois 60015
Tel:	847/934-6500
Email: hillison"pacatrust.com
*Application for Pro Hac Vice Pending*
*Counsel for the Plaintiff*