[Doc. Nos. 22, 27]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CUSTOM PAK BROKERAGE, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>DANDREA PRODUCE, INC., et al.,<br><br>      Defendants. | Civil No. 13-5592 (NLH/AMD) |

**MEMORANDUM OPINION AND ORDER**

In this action arising under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a-499t, Plaintiff Custom Pak Brokerage, LLC seeks leave to file a first amended complaint in order to add an additional claim against Defendant Dandrea Produce, Inc. (hereinafter, "Dandrea Produce") and to add Jeffrey Geragi as a defendant in this action. (Brief in Support Motion for Leave to File First Amended Complaint (hereinafter, "Pl.'s Br.") [Doc. No. 22-3], 5.) Defendants do not object to the proposed amended complaint to the extent it seeks to assert new claims against Defendant Dandrea Produce. (Opposition to Motion for Leave to File a First Amended Complaint insofar as it seeks to add a New Party (hereinafter, "Defs.' Opp'n") [Doc. No. 26], ¶ 6.) Rather, Defendants only oppose the pending motion to the extent "it seeks leave to add

[Jeffrey Geragi] as a party defendant." (Id.) Specifically, counsel for Defendants asserts that the Court lacks personal jurisdiction over Mr. Geragi, and that the proposed addition of Mr. Geragi as a defendant would therefore be futile. (Id. at ¶¶ 4-5.) The Court has considered the parties' submissions and conducted a telephonic hearing on the pending motion on February 27, 2014. For the reasons that follow, the Court grants Plaintiff's motion to amend.[1]

Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings shall be "freely give[n]" when "justice so requires." FED. R. CIV. P. 15(a)(2). A court may, however, deny a motion to amend on the "'grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.'" Winer Family Trust v. Queen, 503 F.3d 319, 330-331 (3d Cir. 2007) (citation omitted). An amendment would be futile if the

---

[1] On February 7, 2014, Defendants filed a motion "to Compel early Mediation and to Stay Discovery[.]" (Motion to Compel Early Mediation, and to Stay Discovery (hereinafter, "Defs.' Mot.") [Doc. No. 27], 1.) In that motion, Defendants assert that because "[t]his case does not involve 'rocket science[,]'" early mediation would be appropriate in order to obviate the expense and time associated with responding to discovery. (Defs.' Mot. [Doc. No. 27], ¶¶ 7-9.) Plaintiff primarily opposed the motion on the ground that mediation "would prove futile" prior to the parties conducting pretrial factual discovery. (Brief in Opposition to Defendant's Motion to Compel Mediation [Doc. No. 29], 2-3.) However, by Notice dated February 20, 2014, Defendants withdrew their motion to compel mediation. (See Notice Withdrawal of Motion to Compel Mediation [Doc. No. 31].) On February 27, 2014, the parties confirmed on the record that this motion has been withdrawn, and consequently, the Court dismisses Defendants' motion.

2

complaint, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Consequently, in evaluating futility, the Court employs the "'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing Shane, 213 F.3d at 115); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). For a complaint to survive dismissal pursuant to this standard, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court first addresses Plaintiff's assertion that Federal Rule of Civil Procedure 15(a)(1) permits Plaintiff to file "as a matter of right" an amended complaint to add Jeffrey Geragi as a named defendant. (Brief in Reply to Defendants' Opposition to Motion to Amend Complaint [DE #22] (hereinafter, "Pl.'s Reply") [Doc. No. 37], 3-4.) However, because Plaintiff's motion seeks to add Jeffrey Geragi as a new defendant in this matter, the motion implicates Federal Rule of Civil Procedure

3

21. See Truesdale v. Ashcroft, No. 405-078, 2006 WL 4071948, at *3 (D.S.C. Mar. 29, 2006) (noting that an attempt to add new parties by way of motion to amend invokes Federal Rule of Civil Procedure 21); U.S. ex rel. Tucker v. Thomas Howell Kiewit (USA) Inc., 149 F.R.D. 125, 126 (E.D. Va. 1993) (noting that though, "the absence of responsive pleadings means that plaintiff could 'amend his pleading once as a matter of course' under Rule 15(a)[,]" plaintiff's motion also implicated Rule 21 to the extent it sought to add a new party); 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1688, at 503 (3d Ed. 2001) ("Most courts have held that the specific provision relating to joinder in Rule 21 governs over the more general text of Rule 15, and that an amendment changing parties requires leave of court even though made at a time when Rule 15 indicates it could be done as of course."). In evaluating the propriety of an amended pleading pursuant to Federal Rule of Civil Procedure 21, the Court applies the same "'liberal[]'" standard applicable to motions arising under Federal Rule of Civil Procedure 15(a). Sly Magazine, LLC v. Weider Publ'ns L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) ("In deciding whether to allow joinder, courts adhere to 'the same standard of liberality afforded to motions to amend under Rule 15.'") (citing Momentum Luggage & Leisure Bags v. Jansport, Inc., No. 00-7909, 2001 WL 58000, at *2 (S.D.N.Y. Jan. 23, 2001)); Sutton v. New Century Fin. Servs.,

4

No. 05-3125, 2006 WL 3676306, at *1 (D.N.J. Dec. 11, 2006) ("Although Plaintiff seeks to drop one party and add another pursuant to Rule 21, the same standards apply under Rules 15(a) and 21.") (citing Wolfson v. Lewis, 168 F.R.D. 530, 533 (E.D. Pa. 1996)). The Court therefore concludes that Plaintiff must seek leave of court to add Jeffrey Geragi as a named defendant, and shall examine the pending motion in accordance with the standard set forth supra. Accordingly, the Court turns to the issues raised in Defendants' opposition to the pending motion. (See generally Defs.' Opp'n [Doc. No. 26].)

Defendants oppose Plaintiff's motion on futility grounds to the extent Plaintiff seeks to add Jeffrey Geragi. (See generally Defs.' Opp'n [Doc. No. 26].) However, current parties "unaffected by [the] proposed amendment" do not have standing to assert claims of futility on behalf of proposed defendants. Clark v. Hamilton Mortg. Co., No. 07-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008) (holding that "[w]hen faced with plaintiffs' motion for leave to amend, the present defendants should not have objected, as they are unaffected by the proposed amendment"). Rather, current parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice. See, e.g., Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc., 747 F.2d 1396, 1404 (11th Cir. 1984) (affirming the

5

district court's denial of plaintiff's motion to amend to add fourteen new parties, in light of the fact that defendants would have been prejudiced by the delay and expense associated with the "largely repetitious discovery" to be conducted by new defendants), reh'g denied, 755 F.2d 176 (11th Cir. 1985), cert. denied, 471 U.S. 1056 (1985); Serrano Medina v. U.S., 709 F.2d 104, 106 (1st Cir. 1983) (affirming the district court's denial of plaintiff's motion to amend to add new parties because "eleventh-hour amendment would result in undue prejudice to the defendants" and "would require additional research and discovery"). Defendants do not oppose the pending motion on the grounds of undue delay and/or prejudice, but rather raise a personal jurisdiction defense on behalf of Jeffrey Geragi.[2] (See

---

[2] In the declaration of Jeffrey Geragi, Mr. Geragi states that he does not work for Dandrea Produce, Inc. and does "not consent to the Court" exercising personal jurisdiction over him. (Declaration of Jeffrey Geragi [Doc. No. 26-1], ¶¶ 2-3.) However, the Court need not address the issue of personal jurisdiction at this time. See Pegasus Int'l, Inc. v. Crescent Mfg. Co., No. 06-2943, 2007 WL 1030457, at *7 (E.D. Pa. Apr. 2, 2007) (declining to "rule on the issue of personal jurisdiction at this time[,]" and finding the amendment not futile for lack of personal jurisdiction because the court could "'conceivably'" exercise personal jurisdiction "over the additional defendants in the proposed amended complaint"); Mylan Pharm., Inc. v. Kremers Urban Dev., No. 02-1628, 2003 WL 22711586, at *4 (D. Del. Nov. 14, 2003) (finding defendant's challenge to the court's exercise of personal jurisdiction to be an improper basis for denying plaintiff's motion to amend, and granting plaintiff's motion). Rather, Mr. Geragi may challenge the sufficiency of the pleading by way of dispositive motion in accordance with the Federal Rules of Civil Procedure after Plaintiff effectuates service of the amended complaint.

6

generally Defs.' Opp'n [Doc. No. 26].) Therefore, the Court concludes that Defendants lack standing to oppose the motion with respect to Jeffrey Geragi, and the Court rejects futility as a basis to deny the pending motion.  Moreover, even if counsel raises the futility argument as counsel for Mr. Geragi, the Court similarly concludes that such an argument is improper in the context of the pending motion to amend.  Proposed defendants "do not have standing to oppose" a motion to amend "because they are not yet named parties[.]" State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007) (granting plaintiff's motion to amend over the opposition of the proposed new defendants, who "did not have standing" to oppose the motion) (citation omitted); see also Vasquez v. Summit Women's Ctr., Inc., No. 301-955, 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001) ("The standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious.") (citing 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 14.21[2] (3d ed. 1999) (third parties do not have standing to contest impleader because they are "not yet a party to the action")). The Court therefore grants Plaintiff's motion to amend. Consequently, for the reasons set forth herein, and for good cause shown:

     IT IS on this 27th day of February 2014,

7

**ORDERED** that Plaintiff's motion for leave to file a first amended complaint [Doc. No. 22] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the first amended complaint in the form attached to Plaintiff's motion, **within fourteen (14) days** from the date of entry of this Order, and shall serve the first amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Defendants' motion to compel early mediation and to stay discovery [Doc. No. 27] shall be, and hereby is, **DISMISSED AS WITHDRAWN**.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Noel L. Hillman